COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-431-CR
  
  
FREDERICK LLOYD COLLIER                                                   APPELLANT
  
V.
   
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM COUNTY CRIMINAL COURT NO. 
5 OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
one point on appeal, appellant Frederick Lloyd Collier complains that he 
received ineffective assistance of counsel at his trial for driving while 
intoxicated (DWI) because his counsel did not attempt to suppress evidence of 
the traffic stop that provided evidence of his intoxication. According to 
appellant, the officers who stopped appellant did not have reasonable suspicion 
to do so because they did not see him commit any traffic violations or drive 
erratically; they stopped him only because they were responding to a dispatch 
call of a possible intoxicated driver. We affirm.
        Officer 
Chadd Springer of The Colony Police Department responded to a dispatch call 
about a possible intoxicated driver. After receiving a description of the 
driver’s truck, he saw it parked in the driveway at 4801 Woodruff with the 
reverse and brake lights on. He then saw the driver back across the road into 
the yard of the house across the street, which is appellant’s home. Officer 
Springer approached the driver of the truck, eventually determined that he was 
intoxicated, and arrested him.
        Officer 
Springer and another officer, Dena Williams, spoke with the person who called 
dispatch about a possible intoxicated driver when the caller pulled up behind 
the officers at the scene. The caller had followed appellant home. Officer 
Williams got the caller’s name, address, and telephone number and took a 
written statement from him. Officers Springer and Williams did not know the 
caller and had never met him before that night.
        Appellant 
contends that there is a reasonable probability that, but for his counsel’s 
deficient performance, the outcome of his trial would have been different 
because there is a reasonable probability the trial court would have granted a 
motion to suppress evidence of the stop and investigation of appellant for DWI. See 
Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984). 
We disagree. Under the totality of the circumstances, the information provided 
by the caller was sufficiently reliable to justify the officers’ stop of 
appellant. See Pipkin v. State, 114 S.W.3d 649, 655-56 (Tex. App.—Fort 
Worth 2003, no pet.); State v. Stolte, 991 S.W.2d 336, 342-43 (Tex. 
App.—Fort Worth 1999, no pet.). Thus, appellant cannot meet the second prong 
of Strickland. We overrule his sole point on appeal and affirm the trial 
court’s judgment.
  
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
    
 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: August 12, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.